UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                       Case No. 1:12-CR-257

v.                                                       HON. ROBERT HOLMES BELL

EDWARD SUND,

        Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER**

Defendant Edward Sund has filed a motion for modification or reduction of sentence (ECF No. 758) pursuant to 18 U.S.C. §3582(c)(2) on the basis of Amendment 782 of the United States Sentencing Guidelines, made retroactive by the Sentencing Commission.

Section 3582(c)(2) permits a court to reduce the term of imprisonment of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 782 of the United States Sentencing Guidelines reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in U.S.S.G. §§ 2D1.1 and 2D1.11. These modifications were made retroactive effective November 1, 2014. U.S.S.G. § 1B1.10.

The Probation Department filed a sentence modification report on July 30, 2015 (ECF No. 822). In its report, the probation department does not recommend a reduction in sentence, indicating the mandatory minimum controls the guidelines. The defendant filed a response (ECF No. 826) to the sentence modification report concurring with probation's assessment that he is not eligible for

a sentence reduction pursuant to Amendment 782.  The government filed a response to the sentence modification report (ECF No. 828), disagreeing with the probation department and defendant.   The government argues when a cases involves a statutorily required mandatory minimum sentence and the court had the authority to impose a sentence below the statutory required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of 5G1.1 and 5G1.2.

      The defendant filed a response to the government's response (ECF No. 829) now concurring that a two-level reduction is appropriate in light of the government's response.

      IT APPEARS to this Court that a proportional reduction from the amended guideline sentence range is appropriate in this matter.  Defendant received the benefit of a downward departure for substantial assistance at the time of sentencing.  A reduction of sentence is consistent with the policy statements of the U.S. Sentencing Commission.

      NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's motion for modification of sentence (ECF No. 758) pursuant to 18 U.S.C. § 3582(c)(2) is **GRANTED**.  Defendant Edward Sund's sentence shall be reduced to **48 months** imprisonment, effective November 1, 2015.  An order effectuating the sentence reduction shall issue forthwith.


Dated: <u>August 19, 2015</u>            /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE